Savoy Shirt Company v. Callaway Clo. Co.—Syllabus.

SAVOY SHIRT COMPANY, A CORPORATION, *Plaintiff in Error*, v. CALLAWAY CLOTHING COMPANY, A CORPORATION, *Defendant in Error*.

### Opinion Filed January 15, 1915.

In an action for goods sold and delivered, where the evidence as to the amount of the goods ordered is conflicting, and it clearly appears that when received the goods were placed on the vendee's shelves by mistake and without authority, and that when the amount of the shipment was discovered, all the goods were promptly returned because they were in excess of the order, there being no acceptance of the goods or any act of the vendee inconsistent with the ownership of the vendor, a verdict for the defendant vendee will not be disturbed, no harmful errors of law or procedure appearing.

Writ of Error to Circuit Court for St. Johns County; George Couper Gibbs, Judge.

Judgment affirmed.

*Marks, Marks & Holt,* for Plaintiff in Error;

*E. N. Calhoun,* for Defendant in Error.

WHITFIELD, J.—In an action under common counts for goods sold and delivered and a plea of never was indebted, there was a verdict and a judgment for the defendant, and the plaintiff took writ of error.

There is a conflict in the testimony as to the amount of the goods ordered, the plaintiff contending that the order amounted to $617.13 for shirts, while the defendant insists that the amount was about $300.00. The evidence shows that the goods were received at the defendant's

store and some of them were placed on the shelves by mistake and without authority; but when the excessive shipment was discovered, all the goods were promptly returned. The evidence does not show an acceptance of the goods by the defendant, or any act of the defendant inconsistent with the ownership of the plaintiff. The conflict in the testimony as to the amount of the order was settled by the jury. As the evidence is not such as to justify this court in disturbing the verdict, and as errors of procedure, if any, could not reasonably have injured substantial rights of the plaintiff, the judgment is affirmed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS JJ., concur.